# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

**JESUS E. QUINONES LUIGGI,**

     **Plaintiff,**

       **v.**

**COMMONWEALTH OF PUERTO RICO, JUSTICE DEPARTMENT OF PUERTO RICO, PUERTO RICO POLICE DEPARTMENT, SPECIAL OPERATIONS DIVISION (POLICIA DE PUERTO RICO, DIVISION DE OPERACIONES ESPECIALES), AGENT JOSE NERIS SERREANO, AGENT CHRISTIAN ARVELO, JANE DOE, JOHN DOE, INSURANCE COMPANIES A, B, C.**

     **Defendants.**

**Civil Action No. 11-1894 (GAG)**

## <u>ORDER</u>

On September 16, 2011 the Court sanctioned counsel Arturo Guzman in the sum of $100.00, following its *sua sponte* dismissal of various claims unquestionably barred by the Eleventh Amendment. <u>See</u> Order at Docket No. 8. The underlying reason for the sanction was that, "The Plaintiff in this Section 1983 action brings constitutional claims for damages against several individual police officers. However, he also includes as defendants the Commonwealth of Puerto Rico, its Justice Department and the Police of Puerto Rico. Counsel for plaintiff ignores long standing constitutional precedent to the effect that the Commonwealth (and its arms) are immune from suit in federal court under the XIth Amendment." <u>Id.</u>

Counsel now moves for reconsideration. <u>See</u> Motion at Docket No. 9. In essence, he invokes the phrase that legendary Los Angles Lakers announcer Chick Hearn over the course of thirty seven years (1965-2002) made famous, "***NO HARM, NO FOUL.***"  He does not question the

**Civil No. 11-1894(GAG)**                             2

court's order, nor its reasoning.  Id. at ¶ 3.  However, he "ask[s] this Honorable Court to reconsider the sanctions imposed, because no harm has been caused to the Commonwealth of Puerto Rico or the related dependencies."  Id. at ¶ 4.  He further notes that, "the summons {sic} in this case were not produced with filing of the claim, and therefore the Commonwealth of Puerto Rico, nor the related dependencies have been informed of the standing claim in accordance with the Civil Rules of Procedure."  Id. at ¶ 5.

The motion for reconsideration is hereby **DENIED**.  Counsel shall deposit the sanction with the Clerk of Court on or before October 5, 2011.  While certainly there was, "no blood, no foul" to the named Commonwealth defendants in this case, this was only the result of the undersigned's timely intervention, and practice of reviewing a complaint whenever it is randomly assigned to him.  Had this not occurred, the snowball would have become an avalanche.  First, the Clerk of Court would have issued summonses to the Commonwealth of Puerto Rico, the Puerto Rico Justice Department and Police.  Plaintiff himself would then have to finance the cost of serving summonses upon these governmental defendants.  In response, these entities would have to incur in the internal administrative processing of the summonses and complaint, followed by a referral to the Commonwealth Justice Department for legal representation.  In turn, the Federal Litigation Division of the Puerto Rico Justice Department would have had to assign one of its attorneys to the case, who then would have drafted and filed with the court a motion to dismiss based on Eleventh Amendment immunity.  The court would have then had to rule on said motion.  Counsel further ignores the fact that while the Commonwealth was not harmed and thus need not respond, this federal district court indeed was "fouled."  The unnecessary and irresponsible inclusion of three defendants prompted the court to issue its dismissal and sanction order at Docket No. 8.  While the "foul" may not have been flagrant or unsportsmanlike – given that the court ruled on the matter in minutes – the same cannot be permitted from the larger perspective of promoting the, "just speedy and inexpensive determination of every action and proceeding" filed in a United States District Court.  See FED. R. CIV. P. 1.

The nominal amount of the sanction imposed by the court is commesurate with both the

**Civil No. 11-1894(GAG)**                              3

overall harm caused and avoided, but more so with the message the court must send to all counsel. Attorney Guzman is not the first attorney sanctioned by the undersigned for including claims which are clearly barred by the Eleventh Amendment.  Finally, the court notes that the cost of the sanction is less than the cost of serving the Commonwealth, Justice and Police Departments, as well as attorney fees and costs that could have been imposed upon plaintiff, had the named defendants moved to dismiss.

Finally, plaintiff is **ORDERED** to file an Amended Complaint on or before October 5, 2011, in accordance with the court's dismissal order at Docket No. 8.

**SO ORDERED.**

In San Juan, Puerto Rico this 27th day of September, 2011.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge